## J.  B.  SIMMONS  *v.*  HARRIS  &  ALEXANDER.

1. JUDGMENT. *Certiorari. Appeal.* A judgment, rendered by a justice of
the peace, upon notes not due at the date of the rendition of the judg-
ment, cannot be quashed by the Circuit Court, as a void judgment,
upon a proceeding by writs of *certiorari* and *supersedeas* instituted by
the defendant for that purpose. The proper mode of bringing the
question before the court is by appeal.

2. RECORD. *Notes.* Notes sued on before a justice of the peace are not
such a part of the record as can be looked to to determine whether
the judgment is void on its face. While they are required to be filed
with the warrants, and may for some purposes be part of the record,
yet they constitute but the evidence of the demand.

### FROM FAYETTE.

Appeal from the Circuit Court.    THOS. J. FLIP-
PIN, Judge.

SHELTON for complainant.

PULLIAM and MOOREMAN for defendants.

McFARLAND, J., delivered the opinion of the court.

This was a petition by Simmons to the Circuit
Court of Fayette county to have two judgments, ren-
dered against him by a justice of the peace, in favor
of Harris & Alexander, brought up and, with the ex-
ecutions issued thereon, quashed, upon the ground that
the judgments were void. The writs of *certiorari* and
*supersedeas* were granted; but, upon a hearing of the
petitioner's motion to quash, the court held that the

judgments were not void, and refused the motion, and gave judgment against the petitioner and his sureties on the *certiorari* bond.

The ground upon which it is assumed that the judgments are void, is that the warrants were issued and the judgments rendered before the notes, upon which the actions were founded, became due. The warrants brought up appear to have been issued on the 29th of October, 1870, and the judgments rendered on that day. The notes brought up ·with the justice's papers are dated the 29th of October, 1870, and due one day after date. Whether it was incumbent on the defendant to make this defense by plea in abatement, or whether he could make it upon a defense to the merits, is a question upon which the authorities are in conflict. See authorities referred to in Heiskell's Digest with abatement, pp. 10 and 11. Upon principle, we should incline to the latter view, but do not decide the question.

We are of opinion that, conceding it was not matter of abatement, but a defense on the merits, these judgments are not void. It appears that the justice had jurisdiction of the person of the defendant by service of the warrants, and he had jurisdiction of the subject-matter, the actions being upon notes under five hundred dollars, as shown upon the face of the warrants, and the judgments are for less than five hundred dollars. So, the proceedings being regular upon their face, we cannot go behind the judgments to look to the evidence upon which the justice acted, and hold the judgments to be void upon the ground that,

Simmons *v.* Harris & Alexander.

in our opinion, the evidence did not warrant the judgments. While the notes are required to be filed with the warrants, and may for some purposes be part of the record, yet they constitute but the evidence of the demand. And, besides, it does not appear what evidence was heard by the justice. It was competent to show that the notes were not correctly dated. This proof may have been made. No defense was made before the justice; no appeal prosecuted; nor does the petitioner now ask for a new trial. If the justice committed an error in rendering judgments against petitioner without sufficient evidence, he had his remedy by appeal or *certiorari* for a new trial. But the judgments are not void, though they may have been erroneous.

The judgment of the Circuit Court dismissing the petition will be affirmed.